Easton, Judge.
 

 After stating tiic facts as above, proceeded: — Neither
 
 Kerr
 
 or
 
 Cowen,
 
 has a lion upon the second note by virtue of any contract.
 
 Cowen
 
 by the terms of his contract, was to collect the money upon both notes, indemnify himself for his liability as
 
 Conner’s
 
 surety, and account to him for tbs surplus. As against
 
 Conner,
 
 he has however, the right upon principles of natural equity, to retain so much of this surplus as will satisfy his other just demands. Ami
 
 Kerr
 
 has against
 
 Conner,
 
 on the same principles,- tiie same right to be -relieved from the payment of so much of the notes
 
 *358
 
 us will reimburse his just claims against
 
 Conner.
 
 As the legal property in tlii-s second note lias been vested In
 
 Cowen
 
 by the assignment, so far as the
 
 equities
 
 of the contending parties arc equal, his leg'al advantage cannot be taken from him. In the opinion of the court, his equity with respect to the claims which accrued to. him before June 1825, is equal to that of the plaintiff, and lie ought to he allowed to collect so much of the second note as will satisfy these. But such is not the case with regard to the other claims founded on the notes whereon he has sued
 
 Conner
 
 and obtained judgments.— When these claims originated,
 
 Cowen,
 
 knew of
 
 Kerr’s
 
 equitable demands, and knew that
 
 his
 
 reliance for satisfaction, was upon the debt which he owed to
 
 Conner.—
 
 With this knowledge,
 
 Coxoen
 
 could not in good faith contract with
 
 Comer,
 
 or purchase a demand against him,to the prejudice of this known equity of the plaintiff. On such sums as
 
 Cowen
 
 has advanced for
 
 Conner,
 
 and which the court allows him to collect, and of the judgment against the plaintiff, he is entitled to interest at eight per cent, which is the rate established by the law of Georgia. It appears from a calculation made on these principles, that the balance due
 
 Cowen
 
 is $243 41 cents.
 

 The court will decree, that the injunction heretofore granted shall be dissolved as to the aforesaid balance of $243 41 cents and interest thereon at eight per cent, from the 4th of May 1827, till paid, and the costs of the suit at law, and be made perpetual as to the residue of tho said judgment; and that the plaintiff and the defendant
 
 Cowen,
 
 respectively pay their own costs in this suit. — * And will also decree that the plaintiff,may at his option either, dismiss his bill against the other defendant
 
 Conner,
 
 without prejudice, or have an account taken against the said defendant, of what may be due from him to the plaintiff, by reason of the premises, this option to be declared on or before the 1st day of July next.
 

 Bkr Curiam. — Decree accordingly.